**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 15, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

AARON DAVID TRENT NEEDHAM,

Petitioner - Appellant,

v.

STATE OF UTAH,

Respondent - Appellee.

No. 16-4157
(D.C. No. 2:15-CV-00146-DB)
(D. Utah)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **HARTZ**, **MURPHY,** and **PHILLIPS**, Circuit Judges.

This matter is before the court on Aaron Needham's pro se request for a

certificate of appealability ("COA"). Needham seeks a COA so he can appeal the

district court's dismissal without prejudice of his 28 U.S.C. § 2254 habeas corpus

petition. *See* 28 U.S.C. § 2253(c)(1)(A). Because Needham has not "made a

substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this

court **denies** his request for a COA and **dismisses** this appeal.

The district court dismissed Needham's § 2254 habeas petition without

prejudice on the ground that Needham had not yet exhausted his state court

remedies. *See generally Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C.

§ 2254(b)(1). In so doing, the district court recognized that the exhaustion requirement may be excused where state court processes are not effective. *See generally Harris v. Champion*, 15 F.3d 1538, 1546 (10th Cir.1994); 28 U.S.C. § 2254(b)(1)(B)(ii). Nevertheless, the district court concluded there was absolutely nothing in the record to conclude that the ongoing Utah state court direct appeal was remotely "ineffective to protect the rights of the applicant." *See* 28 U.S.C. § 2254(b)(1)(B)(ii).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This court has closely reviewed Needham's brief on appeal and application for COA, the district court's order of dismissal, and the entire record on appeal. That review demonstrates the district court's resolution of Needham's § 2254 petition is not reasonably debatable. Accordingly, Needham has not made "a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c). This court **DENIES** Needham's request for a COA and **DISMISSES** this appeal. Needham's various motions that remain pending fall within two categories. All pending motions which relate to, or depend on, the

merits of Needham's § 2254 habeas petition are hereby **DENIED** as moot. All pending motions which relate to the regulation of ongoing Utah state court proceedings are **DENIED** because "[f]ederal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982). In any event, as noted above, there is absolutely nothing in the record casting even the smallest doubt on the ability of the Utah state courts to protect Needham's constitutional rights.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge